| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>IN RE EX PARTE APPLICATION OF SBK ART LLC,<br><br>　　　　　　　　　　Petitioner,<br><br>for an order pursuant to 28 U.S.C §1782 to conduct discovery for use in foreign proceedings | CASE NO.: 1:24-MC-00147<br><br>Judge Lewis A. Kaplan |

### MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN MATERIALS IN CONNECTION WITH ITS PETITION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Petitioner, SBK ART LLC ("SBK ART"), respectfully moves this Court for the entry of an Order granting Petitioner the right to file under seal pursuant to Fed. Rule of Civ. Proc. 5.2 unredacted copies of the following materials attached as exhibits to the Declaration of Robert S. Landy In Support of Petitioner's Motion for Leave to File Under Seal:

(i) Petitioner's Memorandum of Law in support of SBK ART's *ex parte* petition pursuant to 28 U.S.C. § 1782 for an order to take discovery from Akin Gump Strauss Hauer & Feld LLP and Akin Gump LLP ("Akin") for use in foreign proceedings, dated March 27, 2024 (the "Petition");

(ii) Exhibit 1 to SBK ART's Memorandum of Law in Support of the Petition;

(iii) The Declaration of Gabriel Lansky in support of the Petition; and

(iv) Exhibit 2 to the Declaration of Gabriel Lansky in support of the Petition.

### ARGUMENT

Exhibit 1 to the Petition is a foreign government document containing sensitive and confidential regulatory and supervisory information that was *provided by the foreign*

*government entity* to Petitioner with the legal restriction that Petitioner not disclose it to the general public, with the exception that it could use the document to defend its legal interests. *See* Exh. 1 to Petition. In addition, SBK ART's Memorandum of Law, the Declaration of Gabriel Lansky in support of the Petition, and Exhibit 2 to the Declaration of Gabriel Lansky in support of the Petition all reference this exhibit because it is highly relevant to the current matter, and those references should be redacted.

The Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006); *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). First, the court must determine whether the documents are indeed "judicial documents," to which the public has a presumptive right of access. *Lugosch* at 119. The documents must be "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation marks and citation omitted). Second, if the court determines that the materials to be sealed are judicial documents, then the court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Amodeo*, 71 F.3d at 1049. Finally, the court must "balance competing considerations against it." *Lugosch*, 435 F.3d at 120 (quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (quotation marks and citation omitted).

Thus, this presumptive right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Manchanda v. Bose*, 2015 WL 81998, at *2 (S.D.N.Y. 2015) (citing *Nixon*, 435 U.S. at 598–99). Moreover, documents otherwise falling within the First Amendment's presumptive right of access may nevertheless "be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Omari v. Ras Al Khaimah Free Trade Zone Authority*, 2017 WL 3896399, at *13 (S.D.N.Y. 2017) (citing *Lugosch* at 120). And importantly, "[a]s a general rule, there is no constitutional right of access "to traditionally nonpublic government information." *N.Y. Times Co. v. Dep't of Justice*, 806 F.3d 682, 688 (2d Cir. 2015).

It is immaterial that the document at issue is a foreign, and not U.S., governmental document. *See Omari v. Ras Al Khaimah Free Trade Zone Authority*, 2017 WL 3896399, at *14 (S.D.N.Y. 2017) (holding that a document commissioned by a political subdivision of a foreign nation, and which contained "highly sensitive, 'traditionally nonpublic government information,' in this case of a foreign government" was entitled to confidentiality under seal, including for reasons of international comity) (citing *N.Y. Times*, 806 F.3d at 688).

The foreign government record at issue in this motion is a prime example of traditionally nonpublic government information that is entitled to deference under the principle of international comity and to which no constitutional [public] right of access applies. *See Id.*

Moreover, SBK ART is legally bound by the foreign governmental agency to not disclose the relevant document and information because it contains confidential regulatory

and supervisory information. *See* Exhibit 1 to the Memorandum of Law In Support of the Petition.

Not sealing unredacted copies of these four documents would cause SBK ART to violate foreign law to which it is subject. *See Lugosch*, 435 F.3d at 120 (countervailing factors [to disclosure] "include but are not limited to the danger of impairing law enforcement.").

Moreover, the presumption of public access that attaches to documents filed in discovery disputes is "not particularly great." *Spectrum Dynamics Medical Limited v. General Electric Company,* 2022 WL 3910584, at *1 (S.D.N.Y., 2022), citing *Alexander Interactive, Inc.*, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014). Where the document is submitted in connection with a discovery motion, rather than a dispositive motion, the presumption of access is entitled to only "modest" weight, because the resolution of a discovery motion does not require the Court to "analyze the merits of the parties' claims or defenses*." In re New York City Policing During Summer 2020 Demonstrations*, 2022 WL 7886182, at *2 (S.D.N.Y., 2022). "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason*." Id., citing United States v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995).

Thus, the balance between the weight of presumption of access to judicial documents and countervailing interests against the presumption of access tips decisively in favor of sealing and redacting these documents, respectively. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119–20 (2d Cir. 2006)).

Dated: March 28, 2024
New York, NY

*/s/ Robert S. Landy*
Robert S. Landy
Michael A. Piazza
Adam C. Yaeger
FORD O'BRIEN LANDY, LLP
275 Madison Avenue, 24th Floor
New York, New York 10016
Telephone: (212) 858-0040
Facsimile: (212 256-1047
rlandy@fordobrien.com
mpiazza@fordobrien.com
Counsel for Petitioner
SBK ART LLC