UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

*IN RE* EX PARTE APPLICATION OF SBK ART LCC

24 Misc. 147 (PAE) (RFT)

<u>OPINION & ORDER</u>

―――――――――――――――――――――――――――――

PAUL A. ENGELMAYER, District Judge:

On May 30, 2025, the Court issued a decision ("Decision") that granted in part and denied in part the application by petitioner SBK ART LLC ("SBK") to take discovery, in aid of foreign proceedings, from respondent Akin Gump Strauss Hauer & Feld, LLP, and its affiliate, Akin Gump, LLP (collectively, "Akin"), pursuant to 28 U.S.C. § 1782. Dkt. 57. Akin appealed. Dkt. 58. Akin now moves for a stay pending appeal. Dkts. 60–63 ("Mot."). For the reasons that follow, the Court grants Akin's motion for a stay.

**I.     Background**

The Court assumes familiarity with the background of this case, which is set out in the Decision. In short, SBK seeks documents and deposition testimony from Akin for use in pending civil proceedings in Malta and the General Court of the European Union, and contemplated civil proceedings in the Netherlands.[1] *See* Decision at 1. It asserts that these materials would support its claim in such foreign litigation that Akin, on behalf of SBK's corporate adversaries, lobbied the EU Council to sanction SBK, as part of a scheme to dilute SBK's ownership position in a Croatian company, Fortenova Grupa d.d. ("Fortenova"). *Id.*

―――――――――――――――――

[1] In its opposition to the stay, SBK also identifies pending proceedings in the Netherlands. *See* Dkt. 65-2 ¶¶ 11–14.

Akin serves as Fortenova's registered lobbyist, and Akin's London office advised Fortenova on "issues arising from the presence of sanctioned holders in its capital structure." *Id.* at 3.

The Decision adopted, in its entirety, the well-reasoned Report and Recommendation ("Report") of United States Magistrate Judge Robyn F. Tarnofsky. *Id.* at 1–2. It thereby denied the majority of SBK's application for discovery, including to the extent the application sought materials related to Akin's provision of legal services. *Id.* However, it permitted discovery regarding Akin's non-privileged lobbying efforts on behalf of Fortenova. *Id.* It limited the latter category of discovery to: (1) documents reflecting non-privileged materials uniquely possessed by Akin or that were shared with third parties other than Fortenova, between February 1, 2022 and December 31, 2023, that relate to the specific topics underlying SBK's claims; and (2) a single deposition regarding (a) the above topics during the specified time period and (b) Akin's document production itself. *Id.* at 10, 25.

On June 20, 2025, Akin appealed. Dkt. 58. On June 24, 2025, SBK issued a subpoena to Akin for documents and deposition testimony for use in the foreign litigation. Dkt. 59. On July 8, 2025, Akin moved to stay discovery pending its appeal, attaching declarations and exhibits. Dkts. 60–63. On July 23, 2025, SBK opposed the motion, appending its own declarations. Dkt. 65. On July 30, 2025, Akin replied. Dkt. 68. On August 1, 2025, Akin submitted a notice of supplemental authority. Dkt. 69.

## II. Applicable Legal Standard

A stay is an "exercise of judicial discretion," and the "propriety of its issue is dependent upon the circumstances presented to the court." *Mahdawi v. Trump*, 136 F.4th 443, 449 (2d Cir. 2025) (citation omitted) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)). The party requesting a stay bears the burden of showing that the circumstances justify such "an exercise of the Court's discretion." *Id.* (cleaned up). The traditional stay factors are: "(1) whether the stay

applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.*

The first two factors are "the most critical." *Id.* The Second Circuit has treated the stay factors "somewhat like a sliding scale," where the "probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006) (quoting *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002)). "Simply stated, more of one excuses less of the other." *Id.*

### III. Akin's Motion for a Stay Pending Appeal

A stay is justified here because Akin has demonstrated that the first three factors favor a stay, and the fourth is neutral.

***Likelihood of success on the merits***: The Court remains confident in the soundness of the Decision and cannot certify that Akin is likely to prevail on the merits. However, as explained below, Akin has identified a serious legal question for appeal. And where a serious legal question has been identified, a stay is warranted if the movant has a substantial case on the merits and the balance of the equities weighs heavily in favor of a stay, as it does here. *LaRouche v. Kezer*, 20 F.3d 68, 72–73 (2d Cir. 1994); *see also Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 447 (S.D.N.Y. 2010) (granting stay where appeal presented issue of first impression, on which "the Court of Appeals may disagree" despite district court's "confiden[ce]" in its own decision); *In re Accent Delight Int'l Ltd.*, No. 16 Misc. 125, 2018 WL 7473109, at *1 (S.D.N.Y. June 27, 2018) (granting partial stay where Second Circuit dicta "arguably endorsed" movant's argument, and where "the proverbial bell cannot be unrung once [movant] discloses the information at issue").

The appellate issue here arises from the fact that the precedent on which the Decision relied, *Kiobel v. Cravath, Swaine & Moore LLP*, 895 F.3d 238 (2d Cir. 2018), is recent and of undetermined reach. Akin argues that the Court erred in construing *Kiobel* to permit limited discovery into Akin's non-privileged lobbying work. Mot. at 8–16. In *Kiobel*, the Second Circuit reversed a district court's grant of an application under § 1782 to take discovery from a U.S. law firm. 895 F.3d at 247–48. It termed the petition an "extraordinary, and possibly unique" gambit to circumvent a previously entered protective order. *Id.* at 247. It also noted that an earlier decision by the Circuit had "suggest[ed]" "that a district court should not exercise its discretion to grant a [§] 1782 petition for documents held by a U.S. law firm in its role as counsel for a foreign client if the documents are undiscoverable from the client abroad." *Id.* at 246 (citing *In re Application of Sarrio, S.A.*, 119 F.3d 143, 146 (2d Cir. 1997)).

Since *Kiobel*, district courts in this Circuit have not read *Kiobel* to impose a "blanket prohibition" on bids under § 1782 for discovery from U.S. law firms, but they have grappled with its reach on a fact-intensive basis. Decision at 21.[2] Here, Akin intends to argue before the Circuit that: (1) *Kiobel* bars the compelled disclosure of client documents held by a U.S. law firm where such documents are undiscoverable from the client in foreign proceedings; and (2) activities by a U.S. law firm that consist exclusively of non-privileged lobbying work fall within

---

[2] *Compare In re Lane*, No. 22 Misc. 34, 2022 WL 16737132, at *3–5 (S.D.N.Y. Nov. 7, 2022) (granting application for non-privileged discovery from law firm that represented petitioner's foreign-litigation adversary), *and In re Degens*, No. 20 Misc. 237, 2020 WL 4252725, at *6 (S.D.N.Y. July 24, 2020) (granting same where business-related work by law firms did not implicate attorney-client privilege or attorney work product), *with In re Warren*, No. 20 Misc. 208, 2020 WL 6162214, at *10 (S.D.N.Y. Oct. 21, 2020) (barring discovery from law firm where documents were covered by protective order and had come into law firm's possession solely through representing client in prior litigation), *and In re Alghanim*, No. 21 Misc. 167, 2022 WL 1423088, at *3–5 (S.D.N.Y. May 5, 2022) (denying discovery in light of policy concerns noted in *Kiobel*).

*Kiobel*'s protections.³  *See* Mot. at 8–16.  SBK counters that the Court correctly distinguished *Kiobel*, which was centrally concerned with safeguarding the efficacy of protective orders and did not involve non-privileged documents generated by a law firm's lobbying efforts.  *See* Dkt. 65 at 7–12.

The Court is confident that its grant of limited discovery as to Akin's non-privileged lobbying work accords with *Kiobel* and will be upheld on appeal.  But the Circuit has yet to define the precise contours of when a district court may or may not compel disclosure under § 1782 of materials held by U.S. law firms as a result of representations of foreign clients where such material is not discoverable abroad.  And it is conceivable the Circuit could extend *Kiobel* to cover the lobbying efforts of a law firm that simultaneously rendered legal and lobbying services to the same client.  As such, Akin has shown that it has a "substantial case on the merits."  *LaRouche*, 20 F.3d at 72–73.  This factor, when viewed alongside the second and third factors, favors a stay.

***Irreparable injury***:  Akin persuasively argues that—if it prevails on its appellate claim that *Kiobel* bars the disclosure of its client records—it would experience irreparable injury were these materials required to be produced while its appeal is pending.

To be sure, "a requirement to produce documents, at least absent a claim of privilege or sensitivity, is not generally the type of injury that is irreparable."  *In re Platinum Partners Value Arbitrage Fund L.P.*, No. 18 Civ. 5176, 2018 WL 3207119, at *6 (S.D.N.Y. June 29, 2018).  The "mere fact that information, once disclosed, cannot be 'undisclosed' is therefore not enough by

---

³ Akin mischaracterizes the Decision as having "declined to consider" Akin's evidence and arguments that the subpoenaed documents would not be discoverable in foreign proceedings. Mot. at 9.  In fact, the Decision (and the Report that it adopted) considered such arguments, but found them "unsubstantiated."  Decision at 14 (citing Report at 31–36).  That argument therefore does not present a serious legal question that could justify a stay.

itself to warrant a finding of irreparable harm." *In re Noguer*, No. 18 Misc. 498, 2019 WL 1034190, at *4 (S.D.N.Y. Mar. 5, 2019). But here, if Akin prevails on appeal and the Circuit holds that *Kiobel* bars disclosure of the lobbying records, the claim of irreparable harm is substantial, for several reasons. The lobbying records' disclosure may interfere with Akin's parallel attorney-client relationship with this client. Further, litigation filings and follow-on foreign discovery steps taken as a result of the disclosed lobbying materials may be impossible to undo. And it may be difficult in practice to claw back these documents from SBK, or to enforce a protective order as to these, insofar as SBK lacks a U.S. presence. *See* Mot. at 19. This factor therefore favors a stay.

    ***Substantial injury to other interested parties***: SBK, which has moved for production of Akin's documents and deposition testimony, is unlikely to suffer substantial injury from a stay. SBK's claims to the contrary are unconvincing. *See* Dkt. 65 at 15–16; Dkt. 65-2 ("Oppolzer Decl.") ¶¶ 11–17. Dr. Oppolzer avers that SBK's inability to introduce the sought materials by certain deadlines in the proceedings in Malta, the Netherlands, and the General Court of the European Union "*may* substantially harm SBK's interests." Oppolzer Decl. ¶ 9 (emphasis added). But that declaration is speculative. And it does not rebut Akin's showing that a stay would not prevent SBK from later employing those materials in the foreign actions. *See id.* ¶¶ 11–17 (*e.g.*, stating without explanation or corroboration that "it is unlikely that SBK will be able to make any evidentiary submissions beyond November 2025" in connection with a "new proceeding" before the European General Court, *id.* ¶ 16).[4] Nor is there a serious risk that

---

[4] *See also* Dkt. 62 ("Buttigieg Decl.") ¶¶ 5–10 (on Akin's behalf, affirming that SBK cannot submit evidence until any appeals from "preliminary pleas" phase conclude, likely no sooner than June 2027); Dkt. 63 ("Helder Decl.") ¶¶ 13–18 (same regarding appeal of European Union General Court judgment, which will take no less than six months, if not multiple years).

6

documentary evidence will be lost during the stay. Akin can be counted upon to enforce its document-retention practices. *See* Mot. at 21.

That said, the Court expects counsel for both sides to pursue an expedited appeal and an accelerated appellate briefing schedule, so as to maximize the likelihood of a prompt resolution of Akin's appeal. Appellate expedition will minimize the risk of harm to SBK in the pending foreign proceedings from the stay on discovery imposed here. Should Akin fail to pursue appellate expedition, the Court would regard such as a viable basis for a motion to lift the stay. The Court also will hold Akin to its representation that it is taking steps, short of actually producing documents, to position itself to comply promptly with the portion(s) of SBK's subpoena that the Circuit upholds. *Id.* Under these circumstances, this factor favors a stay.

***The public interest***: There are offsetting public interests here, although none merit much weight. On the one hand, assuming this Court's decision is affirmed, a stay of discovery, at the margin, would have undermined § 1782's aim of "providing efficient means of assistance to participants in international litigation in our federal courts" and thereby "encouraging foreign countries by example to provide similar means of assistance to our courts." *Kiobel*, 895 F.3d at 244 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004)). On the other hand, a stay maximizes the likelihood that this dispute will reach the Circuit—*i.e.*, without being effectively mooted by Akin's compelled document production and deposition testimony—and resolution of this case by the Circuit may clarify *Kiobel*'s scope and increase predictability for parties to future such controversies. This factor is neutral (and of limited importance here).

***Overall assessment***: With the first three *Nken* factors favoring a stay pending appeal and the fourth neutral, the factors thus weigh heavily in favor of a stay. *See, e.g.*, *Jock*, 738 F. Supp. 2d at 449–50 (granting stay under comparable balance of equities); *In re Accent Delight Int'l*

*Ltd.*, 2018 WL 7473109, at *1–2 (similar); *In re Gorsoan Ltd.*, No. 18 Misc. 431, 2020 WL 4194822, at *6–8 (S.D.N.Y. July 21, 2020) (similar).

## CONCLUSION

For the reasons above, the Court grants Akin's motion for a stay pending appeal. The parties shall file a joint status letter within seven days of the Second Circuit's decision. The Clerk of Court is respectfully directed to terminate the motion at docket 60.

SO ORDERED.

                                                               *Paul A. Engelmayer*
                                                               Paul A. Engelmayer
                                                               United States District Judge

Dated: August 22, 2025
        New York, New York